NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURICIO PINEDA ARELLANO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2845

Agency No.
A205-765-196

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Petitioner Mauricio Pineda Arellano seeks review of a Board of Immigration

Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ")

decision denying his application for cancellation of removal. We have jurisdiction

---

[*]   This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court
of Appeals, 6th Circuit, sitting by designation.

under 8 U.S.C. § 1252, and we deny the petition.

The only question subject to judicial review in this case is whether the "established facts satisfy the statutory eligibility standard," *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), which we review under the substantial evidence standard, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "The facts underlying any determination on cancellation of removal … [are] unreviewable." *Wilkinson*, 601 U.S. at 225. Under the highly deferential standard applicable here, we may grant the petition only if the petitioner shows that the "established facts," *id.*, as found by the agency, "compel[] the conclusion" that the agency's eligibility determination was incorrect. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "Our review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015) (quoting *Popova v. INS*, 273 F.3d 1251, 1257 (9th Cir. 2001)).[1]

The record does not compel the conclusion that Petitioner's relatives would face exceptional and extremely unusual hardship if removed to Mexico. As the BIA noted, Petitioner conceded that he did not know whether he was the sole source of

---

[1] We thus decline to reach Petitioner's arguments regarding the IJ's good-moral character finding, which was not reached by the BIA. We also decline to reach Petitioner's arguments regarding the IJ's alleged bias because those arguments are unexhausted, *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), and any supposed error by the IJ would be harmless given the BIA's de novo review, *see Singh v. Holder*, 591 F.3d 1190, 1199 (9th Cir. 2010).

financial support for his daughter and that his child would stay in the United States if he were removed. He also conceded that the child has no educational or medical issues that would exacerbate the hardship from Petitioner's removal. And although the BIA acknowledged the likely loss of financial support that could result from Petitioner's removal to Mexico, Petitioner failed to show that any economic difficulties would be well beyond the norm. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001). Financial difficulties are common consequences of removal and cannot alone compel a finding of exceptional and extremely unusual hardship. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323–24 (BIA 2002).

Accordingly, nothing in the record compels a conclusion other than the agency's—namely, that the hardship Petitioner's qualifying relative might experience from his removal is not "substantially different from, or beyond, that which would normally be expected from" the removal of a family member. *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 65.

**PETITION DENIED**.